UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH RAUL CONTRERAS,<br><br>  Petitioner,<br><br>  v.<br><br>F. CHAVEZ, Warden,<br><br>  Respondent. | 1:13-cv-0623-AWI-SMS (HC)<br><br>ORDER RE. REQUEST FOR CLARIFICATION AND RENEWED MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 19) |

BACKGROUND

Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. After declining to proceed before a magistrate judge, this case was assigned to District Judge Anthony W. Ishii and Magistrate Judge Jennifer L. Thurston. Docs. 9, 10. In July 2013, this case was fully briefed. Docs. 13, 16. Also in July 2013, Petitioner moved to appoint counsel, which was denied by Judge Thurston. Docs. 15, 17. In September 2015, Judge Thurston entered an order disqualifying herself from all proceedings. Doc. 18. The case was reassigned to Magistrate Judge Sandra M. Snyder, the undersigned. Petitioner now requests clarification as to the good cause identified for Judge Thurston's disqualification and renews his request for the appointment of counsel. Doc. 19.

DISCUSSION

Regarding Judge Thurston's disqualification, a "magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This self-disqualification can be for any reason that the

1

judge's impartiality might be reasonably questioned including, but not limited to, personal bias, personal knowledge of disputed evidentiary facts, the judge's prior service as a lawyer in private practice or governmental employment in the matter in controversy, or that the judge or any person within the third degree relationship to the judge or her spouse is a party, lawyer, witness, or interested party to the proceeding. 28 U.S.C. § 455(a)-(b). This case has been reassigned to the undersigned and will proceed before her and Judge Ishii accordingly.

Regarding Petitioner's request for appointment of counsel, there currently exists no absolute right to appointment of counsel in habeas proceedings.  See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984).  However, Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require."  See Rule 8(c), Rules Governing Section 2254 Cases.  The court should only appoint counsel under "exceptional circumstances" and after evaluating the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner argues that it is in the interests of justice to appoint counsel. However, he does not identify what facts demonstrate exceptional circumstances exist such that the interests of justice require appointment of counsel. At this time, Petitioner has not demonstrated a likelihood of success on the merits and he appears sufficiently able to articulate her claim. The Court does not find that Petitioner's case falls under exceptional circumstances such that the interests of justice require the appointment of counsel.

ORDER

Accordingly, IT IS HEREBY ORDERED that Petitioner's request for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **March 9, 2016**                         /s/ Sandra M. Snyder
                                                                      UNITED STATES MAGISTRATE JUDGE

2